ADOLFO B. GARBER (CSB No. 117817)
abgarber@sbcglobal.net
3580 Wilshire Blvd., Suite 1780
Los Angeles, CA 90010
Telephone No. (213) 383-1131
Fax No. (213) 383-1139

Attorney for Defendant,
226 West Foothill, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gabriel Dorsey,<br><br>    Plaintiff,<br><br>vs.<br><br>226 West Foothill, LLC; and DOES 1- 10 Inclusive,<br><br>    Defendants. | Case No. 2:21-cv-09320-FLA-JCx<br><br>**ANSWER OF DEFENDANT, 226 WEST FOOTHILL, LLC, TO COMPLAINT; AND DEMAND FOR JURY TRIAL** |

   Defendant, 226 West Foothill, LLC, a California limited liability company (hereinafter referred to as "responding defendant") for itself only, denies, admits, avers, and answers the Complaint of Plaintiff, Gabriel

Dorsey (hereinafter referred to as "plaintiff'), as follows:

## ADMISSIONS AND DENIALS

### PARTIES

1. This "responding defendant" lacks sufficient information or belief as to the plaintiff's alleged disability status, and based on such lack of information and/or belief, deny all allegations in Paragraph 1.

2. This "responding defendant" admits the allegations in Paragraph 2.

3. No averment is required as to the allegations in Paragraph 3.

4. This "responding defendant" denies any agency, employment, alter-ego of any other relationship with any other defendant, named or un-named defendant, and thus denies all allegation in Paragraph 4.

5. In answering Paragraph 5, this "responding defendant" denies any agency, employment, alter-ego of any other relationship with any other defendant, named or un-named defendant, and thus denies all allegation in Paragraph 5.

### JURISDICTION AND VENUE

6. This "responding defendant" admits that the Court has subject matter jurisdiction pursuant to Title III of the Americans with Disabilities Act (42 U.S.C. sections 12101 et seq) (ADA).

7. This "responding defendant" admits that the Court may, but does not have to exercise its supplemental jurisdiction over any related State claims, but should decline supplemental jurisdiction in this case. (<u>Arroyo v. Rosas</u>, (No. 19-55974, 2-21 U.S. App Lexis (9th Cir., Dec., 10, 2021)).

8. In answering Paragraph 8, this "responding defendant" denies that the "plaintiff's claims are authorized by 28 USC sections 2201 and 2202" as declaratory relief is not a remedy authorized by the ADA.

9. This "responding defendant" does not dispute venue of this Court pursuant to 28 U.S.C. section 1391(b) (2).

## FACTUAL ALLEGATIONS

10. This "responding defendants" lacks sufficient information or belief as to whether the plaintiff allegedly "went" to the "Business" "in or about "September of 2021" or ever "went" at all, and based on such lack of information or belief, denies those allegations in Paragraph 10.

11. In answering Paragraph 11, this "responding defendant" admits that the "Business" is a "public_accommodation."

12. This "responding defendant" lacks sufficient information or belief as to whether the plaintiff allegedly "personally encountered" any barriers at the "Business," and based on such lack of information or belief, deny all allegations in Paragraph 12.

-3-   Answer of Defendant To Complaint

13. In answering Paragraph 13, this "responding defendant," denies the allegations sub-paragraphs (b) and (c), and while it admits the allegations in paragraph (a) only as to the absence of a "Minimum Fine $250.00" sign for the handicap parking stall.

14. This "responding defendant" denies all allegations in Paragraph 14.

15. This "responding defendant" denies all barrier violations, except as to that which is admitted in Paragraph 13, supra. No averment is required as to the remaining allegations in Paragraph 15.

16. In answering Paragraph 16, this "responding defendant" denies all allegations therein, except as stated in Paragraph 13, supra.

17. This "responding defendant" admits that it has "control" over the subject property, and denies all other allegations in Paragraph 17 as any alleged accessibility barriers have been and/or are presently being corrected.

**First Cause of Action- Violation of The Americans with Disability Act of 1990**

18. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 18.

19. This "responding defendants" affirmatively avers that no response is

required to the allegations in Paragraph 19.

20. In responding to Paragraph 20, this "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 20, including all of its sub- paragraphs therein.

21. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 21.

22. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 22.

23. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 23.

24. In answering the allegations in Paragraph 24, this "responding defendant" admits all allegations in Paragraph 24.

25. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 25.

26. These "responding defendants" denies the allegations in Paragraph 26.

27. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 27.

28. This "responding defendant" specifically denies all allegations in Paragraph 28.

29. No averment is required to the allegations in Paragraph 29.

30. In answering the allegations in Paragraph 30, this "responding defendant" denies all allegations in Paragraph 30.

## SECOND CAUSE OF ACTION – Violation of The Unruh Civil Rights Act *through* the FIFTH CAUSE OF ACTION

31. No averment is required to the allegations in Paragraph 31.

32. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 32.

33. This "responding defendant" affirmatively avers that no response is required to the allegations in Paragraph 33

34. No averment is required to the allegations in Paragraph 34.

35. This "responding defendant" denies all allegations in Paragraph 35.

36. This "responding defendant" denies all allegations in Paragraph 36.

## THIRD CAUSE OF ACTION -Violation of California Disabled Persons Act

37. No averment is required to the allegations in Paragraph 37.

38. No averment is required to the allegations in Paragraph 38.

39. No averment is required to the allegations in Paragraph 39.

40. No averment is required to the allegations in Paragraph 40.

41. This "responding defendant" denies all allegations in Paragraph 41.

42. In answering Paragraph 42, this "responding defendant" denies all

allegations in Paragraph 42.

### FOURTH CAUSE OF ACTION – California Health & Safety Code Sec. 19955; et seq.)

43. No averment is required to the allegations in Paragraph 43.

44. This "responding defendant" lacks sufficient information or belief as to the plaintiff's alleged disability status, and based on such lack of information and/or belief, deny all allegations in Paragraph 44 as to him only.

45. No averment is required to the allegations in Paragraph 45.

46. In answering Paragraph 26, this "responding defendant" denies all violations, except as stated in Paragraph 13, above. No averment is required as to all other allegations in Paragraph 46.

### FIFTH CAUSE OF ACTION- Negligence

47. No averment is required to the allegations in Paragraph 47.

48. No averment is required to the allegations in Paragraph 48.

49. In answering Paragraph 49, this "responding defendant" denies all violations, except as stated in Paragraph 13, above.

50. All allegations in Paragraph 50 are denied.

### RESPONSE TO THE PRAYER

Paragraphs 1. through 6., inclusive, are denied. These "responding defendant" further denies any and all requests for relief in the prayer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Cause of Action)

As a First and separate Affirmative Defense, this "responding defendants" alleges that the complaint, and its five (5) causes of action therein, fail to state facts sufficient to constitute a cause of action against this "responding defendant" in that, among other things, the plaintiff claims that he (sic) "went" "in or about "September of 2021" to the "Business" (see Complaint, at p. 3, line 11), but he also fails to allege whether he actually entered the parking lot of the "Business" and thus he could not have "personally encountered" any alleged barriers, and thus fails to state a claim under FRCP 12(b)(6).

### Second Affirmative Defense (Lack of Standing)

For a Second and separate Affirmative Defense, this "responding defendant" alleges that the plaintiff has no standing (FRCP 12(b)(1)), in that, among other things, he never visited the subject premises, and is not known by this defendant or its employees, and further, the plaintiff lacks a genuine "intent to return" to the defendant's "Business" and/or he has not been deterred from returning to the stated premises. The plaintiff has not suffered an injury-in-fact that is concrete *and* particularized to satisfy Article III standing. (*Spokeo, Inv. v. Robins*, 136 S. Ct., 1540, 1543 (2016).

### Third Affirmative Defense (Statute of Limitation)

For a Third and separate Affirmative Defense, this "responding defendant" alleges that the complaint is time barred pursuant to, among other laws, 28 U.S.C. Section 1658(a) as well as Cal. Code of Civil Procedure sections 335.1, 337, 338, 339 and 340.

### Fourth Affirmative Defense (Uncertainty of Allegations)

For a Fourth and separate Affirmative Defense, this "responding defendant" alleges that the complaint, and its five (5) Causes of Action, are each so uncertain and vague, in that, among other things, the plaintiff fails to allege whether he was at all "injured in fact" and how his alleged physical disability, specifically prevented him from gaining access as to each alleged barrier.

### Fifth Affirmative Defense (Unclean Hands)

For a Fifth and separate Affirmative Defense, this "responding defendant" is informed and believes and thereon alleges, that the plaintiff never "went" the defendant's premises, and thus the plaintiff never "personally encountered" any of the accessibility barrier(s) at the defendant's premises. This "responding defendant" is further informed, believes and thereon alleges, that the plaintiff is a serial litigant with seventy-eight (78) similar cases filed in the Central District from just September 11, 2019 to date, and thus the plaintiff has unclean hands.

### Sixth Affirmative Defense (Failure to Mitigate)

For a Sixth and separate Affirmative Defense, this "responding defendant" alleges that the plaintiff failed to mitigate his alleged damages, in that, among other things, he never requested assistance from this "responding defendant" or persons employed at the "Business," and that failure to mitigate, bars and/or diminishes plaintiff's recovery, if any, against this "responding defendant."

**Seventh Affirmative Defense (Not Readily Achievable Barriers)**

For a Seventh and separate Affirmative Defense, this "responding defendant" alleges that the removal of one (1) or more of the claimed construction-related accessibility barriers is not "readily achievable" (28 C.F.R. section 36.304), and that "alternative methods of accommodation" have been and/or will be undertaken, making the premises fully and equally accessible to the disabled, including the plaintiff.

**Eighth Affirmative Defense (Comparative Fault)**

For an Eighth and separate Affirmative Defense, this "responding defendant" is informed and believes, and thereon alleges, that to the extent that the plaintiff sustained any damage, it was proximately caused by the plaintiff or another person's failure to mitigate damages by failing to exercise reasonable care in preventing such damage, the plaintiff is barred from recovering such damages as to this "responding defendant."

**Ninth Affirmative Defense (Alleged Acts Were Not Intentional)**

For a Ninth and separate Affirmative Defense, this "responding defendant" alleges that the discriminatory actions claimed by the plaintiff were not intentional. As a result, the plaintiff is not entitled to the relief requested in the complaint.

**Tenth Affirmative Defense ("Alternate Methods of Accommodations")**

**(42 U.SC. section 12182(b)(2)(A)(v)**

For a Tenth and separate Affirmative Defense, this "responding defendant" alleges that an "alternate method of accommodation" (28 CFR 36.305(a) have been or will be implemented shortly for any barrier whose removal is not readily achievable.

**Eleventh Affirmative Defense ("Equivalent Facilitation" 28 CFR P. 36, App. A Sec. 2.2 (Kohler v. Flava Enterprises, 779 F. 3d 1016, 1019 (9th Cir. 2015)**

For an Eleventh and separate Affirmative Defense, this "responding defendant" asserts that the Complaint and its sole cause of action, should be barred as the "Business" has already provided "equivalent facilitation" that substantially provides equal access to the plaintiff.

**Twelfth Affirmative Defense (No Showing Warranting An Injunction)**

For a Twelfth and separate Affirmative Defense, this "responding defendant" asserts that the Complaint fails to, among other things, allege sufficient facts warranting injunctive relief.

**Thirteenth Affirmative Defense (All Alleged Barriers Have Been Removed and Are Now Moot)**

For a Thirteen and separate Affirmative Defense, this "responding

defendants," alleges that all claimed construction accessibility barriers listed in the Complaint have been and/or will be removed shortly, and thus the plaintiff's claims are moot.

## Reservation of Additional Affirmative Defenses

It should be noted that this "responding defendant" has only started its investigation, and at this stage of the proceedings without the benefit of pre-litigation discovery, it is impossible for it to assert all applicable affirmative defenses at this time, and thus it reserves the right to assert additional affirmative defenses in the event that discovery or investigation indicates it would be appropriate.

WHEREFORE, this "responding defendant", prays for judgment as follows:

(1) That the plaintiff take nothing by his complaint ;

(2) That injunctive relief be denied to the plaintiff;

(3) That the plaintiff be denied attorney's fees pursuant to *Buckhannon Bd. & CareHome, Inc. v. W. Virginia Dept's of Health & Human Res.*, 532 U.S. 598, 605-06 (2001);

(4) That on the 4th Cause of Action (California Disabled Persons Act), the defendant be awarded attorney's fees pursuant to Cal. Civ. Code section 55; and *Jankey v. Lee,* 55 CA 4th 1035 (2012).

(5) That judgment be entered against the plaintiff and in favor of this responding defendant;

(6) For costs incurred herein; and

(7) For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant, 226 West Foothill, LLC, demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all matters triable by a jury.

///

Date: February 2, 2022         /s/ ADOLFO B. GARBER

ADOLFO B. GARBER, Attorney for

Defendant, 226 West Foothill, LLC

3580 Wilshire Blvd., Suite 1780,

Los Angeles, CA 90010

Telephone No. (213) 383-1131

Fax No. (213) 383-1139

Email: abgarber@sbcglobal.net